FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARRY NORTHCROSS PATTERSON,

        Plaintiff - Appellant,

  v.

B. ULIBARI; et al.,

        Defendants - Appellees.

No. 15-15131

D.C. No. 2:12-cv-02163-PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

    Barry Northcross Patterson appeals pro se from the district court's summary

judgment and dismissal order in his 42 U.S.C. § 1983 action alleging violations of

his First Amendment rights.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (summary

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court dismissed Patterson's First Amendment access-to-courts and mail-related claims for failure to state a claim. The court then granted defendants' motion for summary judgment on Patterson's remaining First Amendment free exercise claim because Patterson failed to exhaust his administrative remedies. In his opening brief, Patterson fails to address how the district court erred in either order. As a result, Patterson has waived his appeal of the dismissal and summary judgment orders. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

We reject as unsupported by the record Patterson's contention that the district court was biased.

**AFFIRMED**.